***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BASIM REID,<br><br>        Plaintiff,<br><br>    v.<br><br>OFFICER MICHAEL GAZO, et al.,<br><br>        Defendants. | Civil No. 12-971 (NLH)<br><br>OPINION |

**APPEARANCES:**

**BASIM REID,** Plaintiff pro se
566722/366104
South Woods State Prison
215 Burlington Road South
Bridgeton, N.J. 08302

**THOMAS B. REYNOLDS,** Counsel for Defendant Officer Gazo
Reynolds, Drake, Wright & Marczyk
29 North Shore Road
Absecon, N.J. 08201

**ELYSE GLAZER CRAWFORD,** Counsel for Defendant Theodore F.L. Housel
Shimberg & Friel PC
20 Brace Road
Suite 350
Cherry Hill, N.J. 08034

**HILLMAN,** District Judge

    Plaintiff Basim Reid ("Plaintiff") seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

    At this time, the Court must review the complaint, pursuant

to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the complaint should be dismissed.

## I. BACKGROUND

Plaintiff, incarcerated at South Woods State Prison in Bridgeton, New Jersey at the time of filing, brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Officer Michael Gazo, Theodore F.L. Housel and John/Jane Does. The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

On December 6, 2003, Plaintiff and his passenger were pulled over for a traffic violation.  Plaintiff was told to get out of the car and after being frisked, he was placed in handcuffs and taken to the police station.  Shortly after reaching the station, Plaintiff was told why he was being detained and asked if he wanted to give a statement.  At no point were his <u>Miranda</u> rights read to him.  Plaintiff declined to make a statement and he was placed in a holding cell while waiting to be transferred to the county jail.  His bail was set at $100,000, 10% cash or bond and

he was arraigned "a few weeks later." Approximately mid-April 2004, Plaintiff was released from jail. After his release, a letter was sent to his mother informing him that the grand jury had returned a "no bill" on the charges. In early 2006, Plaintiff filed a Notice of Tort Claim, "before his two (2) year stipulation was up."

Plaintiff requests that the Court order further investigation into the matter of police misconduct and monetary damages in the amount of $250,000 from each defendant. Plaintiff also requests that the Court remove all information pertaining to the case from his record.

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a Sua Sponte Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). This action is subject to sua sponte screening for dismissal

under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED.R.CIV.P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009)(citing Iqbal, 129 S.Ct. at 1948).  The Supreme Court's

ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

**2. 42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d

5

560, 563 (3d Cir. 2011).

**B. Analysis**

It appears that Plaintiff is alleging claims for false arrest and malicious prosecution.[1]

It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983.  See Walmsley v. Philadelphia, 872 F.2d 546 (3d Cir. 1989) (citing cases).  In order to state a cognizable Fourth Amendment claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause.  Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir.1988).  Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under §1983 for false imprisonment based on a detention pursuant to that arrest."  Williams v. Northfield Police Dept., 2010 WL 2802229 at *4 (D.N.J. July 14, 2010) (citing Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995)); Palma v. Atlantic County, 53 F.Supp.2d 743, 755 (D.N.J. 1999) (citing Groman, 47 F.3d at 636).

A § 1983 claim for false arrest typically accrues on the

---

[1] To the extent Plaintiff also intends to bring a claim for failure to read him his Miranda rights at the time of arrest, he fails to state a claim. "Questioning a plaintiff in custody without providing Miranda warnings is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against [him] at trial."  Renda v. King, 347 F.3d 550, 557-58 (3d Cir. 2003). See also Chavez v. Martinez, 538 U.S. 760, 123 S.Ct. 1994, 155 L.Ed.2d 984 (2003).  Plaintiff specifically states in the complaint that he declined to make a statement.  Therefore, this claim is dismissed and since it appears that it would be futile to do so, the Court will not grant leave to amend it.

date of the plaintiff's arrest.  See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Rose v. Bartle, 871 F.2d 331, 348-51 (3d Cir. 1989).  An arrestee can file suit as soon as the allegedly wrongful arrest occurs; the limitations period begins to run, however, only when the allegedly false imprisonment ends, that is, when the arrestee becomes held by legal process, for example, when he is "bound over by a magistrate or arraigned on criminal charges."  Wallace v. Kato, 549 U.S. 384, 388-90 (2007).

"[A] civil action for malicious prosecution requires that: (1) the defendant initiate a criminal proceeding; (2) which ends in plaintiff's favor; (3) which was initiated without probable cause; and (4) the defendant acts maliciously or for a purpose other than bringing the defendant [sic] to justice."  Lee v. Mihalich, 847 F.2d 66, 70 (3d Cir. 1988).  See also Lind v. Schmid, 67 N.J. 255, 262, 337 A.2d 365 (1975).  The statute of limitations on a Section 1983 claim for malicious prosecution does not begin to run until the underlying criminal proceedings are terminated, if ever, in plaintiff's favor.  See Wiltz v. Middlesex County Office of Prosecutor, 249 F. App'x 944, 949 (3d Cir. 2007).

Federal courts look to state law to determine the limitations period for § 1983 actions.  See Wallace, 549 U.S. at 387-88.  Civil rights or constitutional tort claims, such as those presented here, are best characterized as personal injury

7

actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wallace, supra; Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann, § 2A:14-2, governs Plaintiff's claims. See Montgomery, 159 F.3d at 126 & n. 4; Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).

The statute of limitations is an affirmative defense that the defendants generally must plead and prove. See Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."

In this case, Plaintiff was arrested on December 6, 2003. He states that his bail was set and that he was arraigned "a few

8

weeks later."  At the latest, the statute of limitations for Plaintiff's false arrest claim accrued and began to run "a few weeks" after December 6, 2003.  Therefore, his claim for false arrest, filed on February 15, 2012, is well beyond the statute of limitations.

Similarly, Plaintiff states in his complaint that he was released from jail in April 2004 and thereafter he received a letter informing him that the grand jury had returned a "no bill" regarding the charges against him.  Even if this Court were to assume, arguendo, that the returning of the "no bill" and Plaintiff's release from jail was sufficient to establish that the proceeding "terminated in Plaintiff's favor," the statute of limitations has long since expired for any malicious prosecution claim.  The grand jury returned a "no bill" in 2004 and Plaintiff did not file his complaint until February 15, 2012.  Plaintiff does not explain why he waited approximately eight years to bring this action and none of the circumstances warranting tolling appear to apply.[2]

---

[2] Plaintiff has not alleged any basis for tolling of the statute of limitations.  New Jersey statutes set forth certain bases for "statutory tolling."  See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable).  New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.  See Freeman v. State, 347 N.J.Super. 11, 31 (citations omitted).  "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.

It is apparent from the face of the complaint that Plaintiff's § 1983 claims are time barred and this Court will dismiss the Complaint as untimely. See Paluch v. Secretary Pennsylvania Dept. of Corrections, 442 Fed. App'x 690, 694 n. 2 (3d Cir. 2011) ("Although the statute of limitations applicable to § 1983 actions is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record"); McPherson v. United States, 2010 WL 3446879 at *4 (3d Cir. Sept.2, 2010) ("[W]hen a statute-of-limitations defense is apparent from the face of the complaint, a court may sua sponte dismiss the complaint pursuant to 28 U.S.C. § 1915 or 28 U.S.C. § 1915A"); Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (en banc); Pino v. Ryan, 49 F.3d 51 (2nd Cir. 1995); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993); Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992); Street v. Vose, 936 F.2d 38 (1st Cir. 1991).

If Plaintiff believes that he can assert facts showing that tolling is warranted, he may move to re-open this case and to

---

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

file an amended complaint stating the basis for tolling.[3]

### III. CONCLUSION

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).[4] Plaintiff's application for pro bono counsel (Docket Entry No. 7) and "motion for summary judgment" (Docket Entry No. 8) are dismissed as moot.

Dated: August 22, 2012

At Camden.

 s/ Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

---

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.

[4] To the extent Plaintiff intended to raise any state law claims, those claims are dismissed. Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim. The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted). As no such extraordinary circumstances appear to be present, this Court will dismiss any state law claim without prejudice.